UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

YANIRA KING on behalf of her infant son, B.M.,

                                  Plaintiff,

-against-

POLICE OFFICER SALVATORE ALONGI, SHIELD NO. 11508, JOHN DOE POLICE OFFICERS ##1-8,

                                  Defendants.

**COMPLAINT AND JURY DEMAND**

DOCKET #

ECF CASE

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a January 18, 2019 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest and malicious prosecution.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction is asserted.

5. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events

giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff Yanira King is a citizen of the United States and at all times here relevant residing in the City and State of New York. She is the mother and legal guardian of B.M.

7. B.M. is the son of Yanira King. He was 13 years old when he was arrested. He is a citizen of the United States and lives with his mother in the City and State of New York

8. Police Officer Alongi, Shield No. 11508 was at all time here relevant an employee of the NYPD, and is sued in his individual and official capacity.

9. All other defendants were at all times here relevant employees of the NYPD, and are sued in their individual and official capacities.

**10.** At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. On January 18, 2019, B.M. was attending school as he did routinely. At the end of the school day he left the school at the same time as other children at the school.

12. At about 2:30 PM, some children got involved in an altercation and one of them allegedly stole headphones from a girl named Jaden who was involved in the altercation.

13. B.M. was not fighting with anyone and was not involved with any robbery.

14. Police officers stopped B.M. and asked him what happened. He explained to them what he saw. The officers then arrested him and charged him with the assault and robbery of Jaden.

15. The police had no probable cause to arrest B.M. Jaden told police he had nothing to do

with the fight or with the robbery. Nevertheless the Defendants continued to detain him and prosecute him.

16. Under New York State law, police officers are required to take arrested children directly to Family Court during court business hours. Defendants did not comply with state law and instead maliciously detained him at the police precinct where he was being held with adult arrestees.

17. B.M. was held for about three hours at the 102nd police precinct, chained to a bench. He was forced to remove his shoe laces and string to his hoodie. He was fingerprinted and a mug shot was taken of him.

18. He was released with a ticket requiring his appearance at Family Court. After making several appearances at the court, prosecutors declined to prosecute him.

19. Plaintiff was prosecuted and, as a result of the charges, spent approximately six months in jail. All charges against Plaintiff were dismissed.

20. Plaintiff denies all charges and allegations made against him in connection with his arrest.

21. At all times during the events described above, the Defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

22. During all of the events above described, Defendants acted maliciously and with intent to injure plaintiff.

23. As a direct and proximate result of the acts of Defendants, B.M. suffered the following

injuries and damages:

    a.    Violation of his rights pursuant to the Fourth Amendment to the United States Constitution to be free from an unreasonable search and seizure;

    b.    Pain and suffering;

    c.    Emotional trauma and suffering, including fear, embarrassment, humiliation, severe emotional distress, frustration, extreme inconvenience, and anxiety; and

    d.  Loss of liberty.

## **FIRST CAUSE OF ACTION**
(42 USC § 1983 – FALSE ARREST AND FALSE IMPRISONMENT
AS TO ALL DEFENDANTS)

24. The above paragraphs are here incorporated by reference.

25. Defendants acted under color of law and conspired to deprive B.M. of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, B.M.'s right to be free from false arrest and imprisonment, when they detained and imprisoned B.M. without probable cause or reasonable suspicion, pursuant to the Fourth Amendment to the United States Constitution and are liable to B.M. under 42 U.S.C. §§1983

26. B.M. was aware of his confinement and did not consent to it.

27. B.M. has been damaged as a result of defendants' wrongful acts.

## **SECOND CAUSE OF ACTION**
(42 USC §1983 -MALICIOUS PROSECUTION AS TO ALL DEFENDANTS)

28. The above paragraphs are here incorporated by reference.

29. Defendants acted under color of law and conspired to deprive B.M. of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, B.M.'s right to be free from malicious prosecution when they initiated and continued and/or assisted in initiating a criminal prosecution against him by filing a false accusatory instrument

against him.

30. Defendants did not have probable cause to prosecute B.M.

31. Defendants acted with malice in prosecuting B.M.

32. B.M. has been damaged as a result of Defendants' wrongful acts.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of Plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

DATED: New York, New York
November 5, 2019

TO: POLICE OFFICER ALONGI,
SHIELD NO. 15508

Yours, etc.,

/s/
Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
5030 Broadway, Ste. 652
New York, NY 10034
(718) 852-3710
lglickman@stollglickman.com